## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**GEORGE GREGG**, on behalf of himself
and those similarly-situated,

    Plaintiff,

CASE NO.

**v.**

**SIMON BROTHERS, INC.,**
a Domestic Profit Corporation, and
**GEORGE R. SIMON,** individually,

**JURY DEMAND**

    Defendants**.**

_____/

Michael N. Hanna (P81462)
Mari S. Yokhana (P83459)
MORGAN & MORGAN, P.A.
Attorneys for Plaintiff
2000 Town Center,
Suite 1900
Southfield, MI  48075
(313) 251-1399
mhanna@forthepeople.com
myokhana@forthepeople.com

_____

### COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GEORGE GREGG, on behalf of himself and those similarly situated, brings this action against Defendants, SIMON BROTHERS, INC., a domestic profit corporation ("Simon Brothers"), and GEORGE R. SIMON, individually ("Simon") (collectively "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and states as follows:

## INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess for 40 hours per workweek. 29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

2. Plaintiff was a non-exempt employee for Defendants, and was paid an hourly rate of pay for the hours worked. However, Defendants implemented illegal pay procedures that deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each week. Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) is filed as **Exhibit A** to this Complaint.

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA as amended, 29 U.S.C. §201, *et seq.*, to recover unpaid overtime, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district and all, or at least a substantial part, of the events giving rise to Plaintiff's claims occurred in this district.

**PARTIES**

5. At all relevant times, Plaintiff was, and continues to be, a resident of Ionia County, Michigan.

6. At all relevant times, Defendant, Simon Brothers was, and continues to be, a Domestic Profit Corporation. Simon Brothers was engaged in business in Michigan with a principle place of business in Clinton County, Michigan.

7. Upon information and belief, at all relevant times, Defendant, Simon, was an individual resident of the State of Michigan.

8. Simon is Defendant's President, Treasurer, Secretary, and Director.

9. At all relevant times, Defendant Simon regularly held and/or exercised authority to: (a) hire and fire employees of Simon Brothers; (b) control the finances and operations of Simon Brothers; (c) control significant aspects of the corporation's day-to-day operations, including the authority to set wages; (d) actively participate in the overall supervision of Simon Brothers; and (e) was ultimately in a position of authority over the business decisions that led to the FLSA violations.

10. Defendant, Simon is an employer as defined by 29 U.S.C §201, *et seq.*, in that he acted, directly or indirectly, in the interests of Simon Brothers towards Plaintiff and others similarly situated.

11. At all relevant times, Defendants were an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

12. At all relevant times, Plaintiff was "engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, Plaintiff was engaged in the "production of goods and services" and subject to the individual coverage of the FLSA.

14. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

15. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

16. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

17. At all relevant times, Defendants, were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all relevant times, Defendants, were and continue to be an enterprise engaged in the "production of goods or services for commerce" within the meaning of the FLSA.

19. Based upon information and belief, the annual gross revenue of Defendants is and was in excess of $500,000.00 per annum during the relevant time periods.

20. At all relevant times, Defendants had two (2) or more employees handling, operating, or otherwise working on goods or materials that had been moved in or produced for commerce such as the trucks, which were used directly in furtherance of Defendants' commercial activity of running a trucking transportation company.

21. At all relevant times, Plaintiff "engaged in commerce" and subject to individual coverage of the FLSA, by virtue of his handling, selling, or otherwise working on goods or materials that had been moved in interstate commerce or produced for commerce.

22. At all relevant times, the work performed by Plaintiff was directly essential to the business performed by Defendants' trucking transportation company.

23. Similarly, at various times throughout 2016 to date, several opt-in Plaintiffs who the named Plaintiff expects will file their consents to join this case were non-exempt employees paid on an hourly basis and performed trucking and mechanical duties for Defendants in Michigan, and drove exclusively within the state of Michigan.

## STATEMENT OF FACTS

24. Plaintiff is an "employee" within the meaning of the FLSA.

25. In 2009, Defendants hired Plaintiff to work as a non-exempt truck driver employee for Simon Brothers located in Fowler, Michigan.

26. Plaintiff was compensated on an hourly basis.

27. Plaintiff's primary duties were operating and maintaining trucks within Michigan for the Defendants' customers.

28. Plaintiff transported material exclusively within the state of Michigan.

29. Plaintiff worked as an intrastate truck driver for Defendants.

30. Plaintiff exclusively worked as a truck driver for Defendants within the state of Michigan.

31. Plaintiff did not drive his truck outside the state of Michigan.

32. Rather, Plaintiff exclusively transported materials that were ordered by local customers from local companies in Michigan.

33. Plaintiff worked in excess of forty (40) hours in workweeks in the relevant time period for Defendants.

34. However, Plaintiff was not properly compensated for all his overtime hours worked during the relevant periods of time.

35. Instead, Defendants systematically paid, and continue to pay, Plaintiff and other similarly situated workers their regular hourly rate of pay for all hours worked.

36. Defendants compensated Plaintiff on a straight-time basis for his overtime hours worked.

37. At various material times throughout the duration of Plaintiff's employment, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a given workweek.

38. Plaintiff should be compensated at the rate of one and one-half times the statutory minimum wage for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

39. Defendants have violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours per week in at least some weeks for Defendants;

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times the Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per workweek while Plaintiff worked for Defendants as provided by the FLSA.

   c. Defendants failed to maintain proper time records as mandated by the FLSA.

40. Plaintiff retained the law firm of MORGAN & MORGAN, P.A., to represent Plaintiff in the litigation.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff and the class members are/were all hourly-paid drivers and mechanics of Defendants who performed the same or similar job duties as one another related to Defendant's intrastate trucking transportation company, and were compensated on a straight-time basis.

42. Defendants failed to compensate Plaintiff, and those similarly situated, a time-and-a-half overtime premium for their hours worked over forty (40) in workweeks throughout the relevant time period.

43. Defendants' straight time pay policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime wage to Plaintiff applied and continues to apply to all class members.

44. Accordingly, the class members are properly defined as:

**All hourly-paid intrastate drivers and mechanics that work/worked in excess of 40 hours in one or more workweeks within the last three years for Defendants, but were not compensated at one and one-half times their regular rate of pay for all overtime hours worked.**

45. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

46. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

47. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, *et seq.*; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

48. During the relevant period, Defendants violated the FLSA by retaining employees in an enterprise engaged in commerce or in the production of goods and services for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

49. Defendants' failure to properly compensate their employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendants' policy or practice that applies to all similarly situated employees, companywide.

50. Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

51. Defendants failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

### COUNT I - VIOLATION OF 29 U.S.C. §207
### OVERTIME COMPENSATION

52. Plaintiff realleges and reincorporates paragraphs 1 through 51 as if fully set forth herein. In various times material hereto, Plaintiff performed non-exempt work and worked in excess of forty (40) hours per week.

53. However, Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

54. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

55. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

56. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due to Plaintiff.

57. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

58. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

59. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

60. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one half for their overtime hours.

61. Plaintiff demands a trial by jury.

## COUNT II - DECLARATORY RELIEF

62. Plaintiff realleges and reincorporates paragraphs 1 through 51 as if fully set forth herein.

63. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

64. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

65. Plaintiff may obtain declaratory relief.

66. Defendants employed Plaintiff.

67. Defendants are an enterprise.

68. Plaintiff was individually covered by the FLSA.

69. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

70. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

71. Defendants did not rely on a good faith defense in its failure to abide by the provisions of the FLSA.

72. Plaintiff is entitled to an equal amount of liquidated damages.

73. It is in the public interest to have these declarations of rights recorded.

74. Plaintiffs' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

75. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

76. Plaintiff demands a trial by jury.

## **PRAYER**

For these reasons, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in willful violation of the overtime wage provisions of the FLSA;

b. Ordering Certification of this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein, designating Plaintiff as a representative of the FLSA collective action Class, and undersigned counsel as Class counsel for the same;

c. Ordering Defendants to disclose the names and addresses of all collective action class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their right by law to join and participate in this lawsuit;

d. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and collective action class the full amount of damages and liquidated damages available by law;

e. Awarding Plaintiff and the collective action members overtime compensation in the amount due to them for their time worked in excess of forty (40) hours per workweek;

f. Awarding Plaintiff and the collective action members liquidated damages in an amount equal to the overtime award;

g.  Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

h.  Awarding Plaintiff pre-judgment interest;

i.  Ordering any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 26th day of June, 2019.

Respectfully submitted,

/s/ *Michael N. Hanna*
Michael N. Hanna (P81462)
Mari S. Yokhana (P83459)
Morgan & Morgan, P.A.
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 251-1399
MHanna@forthepeople.com
MYokhana@forthepeople.com

*Attorneys for Plaintiff*